IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD WILLIAMS, )<br>)<br>Defendant. ) | Crim. No. 13-86-LPS-1 |

## MEMORANDUM ORDER

**WHEREAS**, on April 3, 2014, Defendant Ronald Williams ("Defendant") pled guilty to

a one count Information (D.I. 106; D.I. 111), charging him with conspiracy to distribute and to

possess with intent to distribute a mixture and substance containing a detectable amount of

heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code,

§§ 841(a)(1) and (b)(1)(C) and 846 (D.I. 111);

**WHEREAS**, Defendant agreed to:

> voluntarily and expressly waive[], the right to file any appeal, any
> collateral attack, or any other writ or motion after sentencing –
> including, but not limited to, an appeal under 18 U.S.C. Section
> 3742 or 28 U.S.C. Section 1291, or a motion under 28 U.S.C.
> Section 2255 - except that the defendant reserves his right to
> appeal only if (1) the government appeals from the sentence, (2)
> the defendant's sentence exceeds the statutory maximum for the
> offense set forth in the United States Code, or (3) the sentence
> unreasonably exceeds the Sentencing Guidelines range determined
> by the District Court in applying the United States Sentencing
> Guidelines.

(D.I. 111 at 4);

**WHEREAS**, Defendant was sentenced to an 84 month term of imprisonment on August

15, 2014 (D.I. 168; *see* Transcript (hereinafter "Tr."));

1

**WHEREAS**, Defendant filed a *pro se* Letter requesting an extension of time to file an appeal of his sentence on July 10, 2015 (D.I. 193), and contends that he has sought Delaware state court habeas relief to vacate a prior "charge," which may reduce his federal Sentencing Guideline calculation in this action (*id.*);

**WHEREAS**, the Government filed a Response in Opposition (D.I. 195), explaining that the paragraph 9 of the Memorandum of Plea Agreement – an appellate waiver – bars Defendant from filing an appeal and must be enforced "in the absence of a miscarriage of justice" (*id.* at 1; D.I. 111 at 4);

At Wilmington this **14th** day of **September, 2015**,

**IT IS HEREBY ORDERED** that Defendant's *pro se* Letter request to extend time (D.I. 193) is **DENIED**. As the Government correctly argues, Defendant fails to allege any miscarriage of justice, has not been sentenced to a term of imprisonment outside the statutorily maximum allowable term of incarceration, and the sentence is within an advisory Guideline Range. *See United States v. Khattak*, 273 F.3d 557, 563 (3d. Cir. 2001) ("Waiver of appeals, if entered knowingly and voluntarily, are valid, unless they work a miscarriage of justice."). Moreover, Defendant filed his *pro se* Letter (D.I. 193) requesting an extension of time approximately one year after the fourteen day time period he had to appeal his final judgment and conviction.[1] (*See* D.I. 168)

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1]On August 15, 2014, the Court advised Defendant at his sentencing hearing that he would "normally have the right to appeal within 14 days after the entry of the judgment of conviction[,] . . . [but his] appellate rights are limited by the appellate waiver provision of [the] plea agreement. . . ." (Tr. at 40; *see also* Fed. R. App. P. 4(b)(1)(i))

2